UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

TABITHA C. TAYLOR,                        )
                                          )
                Petitioner,               )
                                          )
v.                                        )     Nos.:  3:19-cv-460-TAV
                                          )            3:17-cr-091-TAV-DCP-17
UNITED STATES OF AMERICA,                 )
                                          )
                Respondent.               )

## MEMORANDUM OPINION

Petitioner Tabitha C. Taylor has filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 730; Case No. 3:19-cv-460, Doc. 1].[1]  In her motion, she presents one ineffective-assistance-of-counsel claim.  The government has responded in opposition [Case No. 3:19-cv-460, Doc. 9].  Because, based on the record, it plainly appears that Petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[2] and Petitioner's motion [Doc. 730; Case No. 3:19-cv-460, Doc. 1] will be **DENIED**.[3]

---

[1]  All docket citations refer to the underlying criminal case unless otherwise indicated.

[2]  An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief.  *See* 28 U.S.C. § 2255(b).  It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).  Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

[3]  Several months before filing the instant § 2255 motion, petitioner filed a motion appearing to ask the Court for permission to file a § 2255 on the instant ground [Doc. 724]. Because petitioner has filed her § 2255 on this ground, which the Court now denies, her motion seeking leave to file [Doc. 724] is **DENIED AS MOOT**.

## I.    Background

On December 15, 2017, petitioner pleaded guilty to conspiracy to distribute fifty (50) grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) [Docs. 157, 188].  The revised presentence investigation report ("PSR") ultimately deemed petitioner a career offender under the Sentencing Guidelines, based on her prior convictions for sale of cocaine and sale of oxycodone [PSR ¶¶ 119–20].  Based on her status as a career offender, her criminal history score was increased from category IV to category VI, and her adjusted offense level was increased from 30 to 37 [*Id.*, ¶¶ 108–09, 123–24].  With a total offense level of 34 (accounting for a three-level reduction for acceptance of responsibility), and a criminal history category of VI, petitioner's guideline range was 262 to 327 months [*Id.*, ¶ 142].  Petitioner also faced an enhanced 20-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), based on a prior drug offense [Doc. 156; PSR ¶ 141].  Ultimately, the government moved for a downward departure pursuant to United States Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e), based on petitioner's substantial assistance [Doc. 602].  The Court granted the motion and sentenced petitioner to 170 months' imprisonment [Doc. 656].

Petitioner now asks the Court to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255, arguing that her counsel was constitutionally deficient in failing to ask for a continuance of her sentencing hearing until after the Supreme Court issued its decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) [Doc. 730, p. 4; Case No. 3:19-cv-460, Doc. 1, p. 4].  Petitioner contends that, if her sentencing had occurred

2

after *Davis*, her sentence would be up to 100 months less, and she would not have been classified as a career offender [*Id.*].

The government responds that, while the Supreme Court held in *Davis* that 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence was unconstitutionally vague, petitioner was not convicted under § 924(c), but rather, was deemed a career offender under United States Sentencing Guidelines § 4B1.2 [Case No. 3:19-cv-460, Doc. 9, p. 3]. The government argues that the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886 (2017) that the Sentencing Guidelines are not subject to a constitutional vagueness challenge, and therefore, petitioner's counsel was not ineffective in failing to continue her sentencing until after *Davis* was issued [*Id.*].

## II.   Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that she is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006),

3

and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, she must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *Strickland*, 466 U.S. at 687, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs of *Strickland* to obtain relief on an ineffectiveness claim, the inability to prove either one of the prongs—regardless of which

4

one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

## III. Analysis

Because petitioner's sentence would not be impacted by *Davis*, she cannot meet her burden of establishing either prong of *Strickland*. As background, in 2015, the Supreme Court struck down the so-called "residual clause" of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" as unconstitutionally vague. *Johnson v. United States*, 576 U.S. 591, 606 (2015). Under the ACCA, an enhanced 15-year mandatory minimum sentence applied to violations of 18 U.S.C. § 922(g) if the defendant had three or more prior convictions for a "serious drug offense" or "violent felony." *Id*. at 593. The ACCA defined a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use or threatened use of physical force against the person of another" (Elements Clause); (2) "is burglary, arson, or extortion, involves use of explosives" (Enumerated Offenses Clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (Residual Clause). *Id*. at 593–94 (quoting 18 U.S.C. § 924(e)(2)(B)). The Court struck down this last clause of the "violent felony" definition, leaving the remaining clauses intact. *Id*. at 606.

The *Johnson* decision ignited a deluge of litigation regarding similarly worded definitions of "violent felonies" or "crimes of violence" in other statutes. For example, in *Sessions v. Dimaya*, the Supreme Court found that the residual clause of 18 U.S.C.

5

§ 16(b)'s definition of a "crime of violence," which stated that "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" was a "crime of violence," was also unconstitutionally vague. 138 S. Ct. 1204, 1211, 1216 (2018) (quoting 18 U.S.C. § 16(b)).

Likewise, in *Davis*, on which petitioner relies, the Supreme Court struck down the residual clause of 18 U.S.C. § 924(c)(3), which defined a "crime of violence" in part as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 139 S. Ct. 2319, 2324, 2336 (quoting 18 U.S.C. § 924(c)(3)). Section 924(c) provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of such crime, possesses a firearm" is subject to additional penalties in addition to the sentence for the underlying crime of violence or drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). In light of *Davis*, such additional penalties may only apply, in the case of an underlying crime of violence, rather than drug trafficking offense, if the offense qualifies as a "crime of violence" under § 924(c)(3)'s element's clause.

The United States Sentencing Guidelines contain a "career offender" provision which enhances a defendant's offense level and criminal history category, for purpose of calculating the guideline sentencing range, if: (1) "the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;" (2) "the instant

Case 3:19-cv-00460-TAV   Document 10   Filed 04/05/21   Page 6 of 9   PageID #: 42

offense of conviction is a felony that is either a crime of violence or a controlled substance offense;" and (3) "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The Guidelines definition of a "crime of violence" previously included,[4] like the ACCA, an elements clause, an enumerated offenses clause, and a residual clause. *Beckles*, 137 S. Ct. 886, 890–91 (quoting U.S.S.G. § 4B1.2(a) (2015)). The former residual clause of the Guidelines' definition of a "crime of violence" included any offense punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 891 (quoting U.S.S.G. § 4B1.2(a) (2015)).

Despite the similarity of the career offender guideline's residual clause to the residual clause in the ACCA, the Supreme Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause, and therefore, the Guidelines' residual clause was valid. *Id.* at 890, 985. The Supreme Court held that, because the Guidelines "merely guide the district courts' discretion" in sentencing, rather than mandating a particular sentence, they are not subject to a constitutional vagueness challenge. *Id.* at 894.

Petitioner here was not sentenced as an armed career criminal, nor was she convicted of an offense under § 924(c). Instead, petitioner's sentencing guideline calculations were enhanced under the career offender guideline. Notably, the PSR applied the 2016

---

[4] The 2016 Sentencing Guidelines Manual removed the residual clause from § 4B1.2(a)'s definition of a "crime of violence." *See* U.S. Sentencing Guidelines Manual, app. C., amend. 798.

Guidelines Manual, which, as noted above, had already eliminated the career offender guideline's residual clause, in calculating petitioner's guideline range [PSR ¶ 102]. Moreover, petitioner's career offender status was based on her instant offense of conviction being a controlled substance offense, and her two prior convictions for controlled substance offenses, rather than any crimes of violence [*See id.* ¶¶ 119–20]. For this reason alone, petitioner's claim of ineffective assistance of counsel fails, as no changes in the definition of a "crime of violence" would have altered her status as a career offender.

Nevertheless, even to the extent that petitioner's career offender enhancement could be deemed to have been based in part on the guideline's former crime of violence definition's residual clause, her counsel was not deficient in failing to raise this argument or postpone her sentencing until after the *Davis* decision issued. Because *Davis* involved the application of § 924(c), and petitioner was not charged under § 924(c), counsel had no legitimate grounds to seek a continuance of petitioner's sentencing hearing until after *Davis* was decided. Furthermore, to the extent that petitioner contends that *Davis* would have had some application to her career offender enhancement, such argument is foreclosed by *Beckles*, and was foreclosed by *Beckles* at the time of her sentencing. Therefore, her counsel did not perform deficiently in failing to raise this argument or postpone her sentencing until after *Davis* was decided.

For the same reasons, petitioner cannot show that she was prejudiced by any alleged deficient performance. Even if counsel had postponed petitioner's sentencing hearing until after *Davis* was decided, *Davis* would not have altered her sentence in any way, and any

8

argument that the rationale of *Davis* should apply to her career offender guideline enhancement would have been foreclosed by *Beckles*.  Because petitioner cannot meet her burden of showing either prong of *Strickland*, her claim of ineffective assistance of counsel is **DENIED**.

## IV.   Conclusion

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and her motion to vacate, set aside or correct sentence [Doc. 730; Case No. 3:19-cv-460, Doc. 1] will be **DENIED** and this action will be **DISMISSED**.  A hearing is unnecessary in this case.  The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.**  28 U.S.C. § 2253; Fed. R. App. P.  22(b).  A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

9